Brian W. Brokate (BB 5830)
John Macaluso (JM 2058)
Maja Szumarska (MS 0208)
Gibney, Anthony & Flaherty, LLP
665 Fifth Avenue
New York, New York 10022
Telephone: (212) 688-5151
Facsimile: (212) 688-8315
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ROLEX WATCH U.S.A., INC.,<br><br>    Plaintiff,<br><br>v.<br><br>VINCENT PALAZZOLO a/k/a VINCE PALAZZOLO and DIANA PALAZZOLO a/k/a DIANA PALAZZOLA a/k/a DIANA FIORINI, both individually and collectively d/b/a WWW.THEREPLICAWATCHSHOP.COM, UNKNOWN WEBSITES 1-10, UNKNOWN ENTITIES 1-10 and "JOHN DOES" 1-10,<br><br>    Defendants. | CASE NO.<br><br><br>**COMPLAINT** |

Plaintiff Rolex Watch U.S.A., Inc. ("Rolex"), through its attorneys, complaining of defendants Vincent Palazzolo a/k/a Vince Palazzolo and Diana Palazzolo a/k/a Diana Palazzola a/k/a Diana Fiorini, both individually and collectively d/b/a www.thereplicawatchshop.com, Unknown Websites 1-10, Unknown Entities 1-10 and "John Does" 1-10 (hereinafter collectively referred to as "Defendants") hereby alleges as follows:

**STATEMENT OF THE CASE**

1. This is a suit by Rolex against Defendants for injunctive relief, statutory damages, treble damages and/or profits, compensatory damages, pre-judgment interest, attorneys' fees,

1

investigators' fees and costs for trademark counterfeiting. Defendants are being sued by Rolex as a result of Defendants' sale, offers for sale, distribution, promotion and advertisement of merchandise bearing counterfeits of Rolex's federally registered trademarks.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the federal trademark claims asserted in this action under 15 U.S.C. § 1121, and 28 U.S.C. § 1331 and 28 U.S.C. § 1338.

3. Defendants are subject to the Court's jurisdiction because they do business in the Southern District of New York and have committed the acts complained of herein in this District.

4. Defendants are subject to the jurisdiction of this Court pursuant to and in accordance with Rule 4 of the Federal Rules of Civil Procedure.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

6. Rolex is a corporation duly organized and existing under the laws of the State of New York, having an office and principal place of business at 665 Fifth Avenue, New York, New York, 10022.

7. Upon information and belief, defendant Vincent Palazzolo a/k/a Vince Palazzolo ("Vince") is a resident of the State of Michigan residing at 30667 Cedars Drive, Warren, Michigan 48093.

8. Upon information and belief, defendant Diana Palazzolo a/k/a Diana Palazzola a/k/a Diana Fiorini ("Diana") is a resident of the State of Michigan residing at 30667 Cedars Drive, Warren, Michigan 48093.

9. Upon information and belief, Vince and Diana are the owners, operators, controlling forces and responsible for the day-to-day operations behind the website www.thereplicawatchshop.com (the "Website.")

10. The identities of Unknown Websites 1-10, Unknown Entities 1-10 and "John Does" 1-10 are not currently known to Rolex, but, upon information and belief, they are associated with Vince and Diana and contribute to their infringing activities. Rolex will identify these Unknown Websites, Unknown Entities and "John Does" upon further knowledge and investigation and will amend its pleadings accordingly.

## FACTUAL ALLEGATIONS

### A. Rolex's Famous Products and Trademarks

11. Rolex is the exclusive distributor and warrantor in the United States of Rolex watches, all of which bear one or more of the Rolex Registered Trademarks as defined below.

12. Rolex watches are identified by the trade name and trademark ROLEX and one or more of the Rolex Registered Trademarks.

13. Rolex is responsible for assembling, finishing, marketing and selling in interstate commerce high quality Rolex watches, watch bracelets and related products for men and women (hereinafter referred to as "Rolex Watches").

14. Rolex is responsible for maintaining control over the quality of Rolex products and services in this country.

15. Rolex has developed an outstanding reputation because of the uniform high quality of Rolex Watches and the Rolex Registered Trademarks are distinctive marks used to identify these high quality products originating with Rolex.

16.     Rolex owns numerous trademarks, including, but not limited to, the trademarks and trade names ROLEX, PRESIDENT, CROWN DEVICE (design), DATEJUST, SEA-DWELLER, OYSTER, OYSTER PERPETUAL, GMT-MASTER, YACHT-MASTER, SUBMARINER, ROLEX DAYTONA, DAYTONA, EXPLORER II, TURN-O-GRAPH and GMT-MASTER II.

17.     Rolex is the owner of, including but not limited to, the following federal trademark registrations in the U.S. Patent and Trademark Office:

| Trademark | Reg. No. | Reg. Date | Goods |
|---|---|---|---|
| AIR-KING | 2,953,542 | 5/17/05 | Watch and watch parts thereof. |
| ♛ CROWN DEVICE | 657,756 | 1/28/58 | Timepieces of all kinds and parts thereof. |
| DATEJUST | 674,177 | 2/17/59 | Timepieces and parts thereof. |
| DAY-DATE | 831,652 | 7/4/67 | Wrist watches. |
| DAYTONA | 2,331,145 | 3/21/00 | Watches. |
| DEEPSEA | 4,378,540 | 8/6/13 | Watches. |
| EXPLORER | 2,518,894 | 12/18/01 | Watches. |
| EXPLORER II | 2,445,357 | 4/24/01 | Watches. |
| GMT-MASTER | 683,249 | 8/11/59 | Watches. |
| GMT-MASTER II | 2,985,308 | 8/16/05 | Watches and parts thereof. |
| MILGAUSS | 875,616 | 8/26/69 | Watches [and clocks,] and parts thereof. |
| OYSTER | 239,383 | 3/6/28 | Watches, movements, cases, dials, and other parts of watches. |
| OYSTER PERPETUAL | 1,105,602 | 11/7/78 | Watches and parts thereof. |
| PRESIDENT | 520,309 | 1/24/50 | Wristbands and bracelets for watches made wholly or in part or plated with precious metals, sold separately from watches. |
| ROLEX | 101,819 | 1/12/15 | Watches, clocks, parts of watches and clocks, and their cases. |
| ROLEX DAYTONA | 1,960,768 | 3/5/96 | Watches. |
| SKY-DWELLER | 4,280,289 | 1/22/13 | Watches and parts thereof. |
| SEA-DWELLER | 860,527 | 11/19/68 | Watches, clocks and parts thereof. |
| SUBMARINER | 1,782,604 | 7/20/93 | Watches. |
| YACHT-MASTER | 1,749,374 | 1/26/1993 | Watches. |

| Trademark | Reg. No. | Reg. Date | Goods |
|---|---|---|---|
| TURN-O-GRAPH | 2,950,028 | 5/10/05 | Watches and parts thereof. |

Correct and true copies of Rolex's federal trademark registrations (hereinafter collectively referred to as the "Rolex Registered Trademarks") are attached hereto as **Exhibit 1**.

18. The Rolex Registered Trademarks are arbitrary and fanciful and are entitled to the highest level of protection afforded by law.

19. Rolex and its predecessors have used the Rolex Registered Trademarks for many years on and in connection with Rolex Watches and related products.

20. Based on Rolex's extensive advertising, sales and the wide popularity of Rolex products, the Rolex Registered Trademarks are now famous and have been famous since well prior to the activities of the Defendants complained of herein. Rolex Registered Trademarks have acquired secondary meaning so that any product or advertisement bearing such marks is immediately associated by consumers, the public and the trade as being a product or affiliate of Rolex.

21. Rolex has gone to great lengths to protect its name and enforce the Rolex Registered Trademarks.

22. The Rolex Registered Trademarks are valid and subsisting and in full force and effect and have become incontestable pursuant to 15 U.S.C. § 1065.

### B. Defendants' Counterfeiting and Infringing Activities

23. Rolex hereby incorporates all prior allegations by reference.

24. Upon information and belief, long after Rolex's adoption and use of the Rolex Registered Trademarks on its products and after Rolex's federal registration of the Rolex Registered Trademarks, Defendants began selling, offering for sale, distributing, promoting and advertising in interstate commerce, through the Internet, watches bearing counterfeits and

infringements of the Rolex Registered Trademarks as those marks appear on Rolex's products and as shown in the Rolex Registered Trademarks attached hereto as Exhibit 1.

25. On or about August 11, 2016, Rolex's representatives discovered listings on the online sales platform www.bonanza.com ("Bonanza Platform") whereby Defendants were offering, promoting, distributing, offering for sale and selling watches bearing counterfeits and infringements of the Rolex Registered Trademarks. Defendants provided a link to the Website on their profile page and directed customers to the Website "FOR 'BETTER' REPLICA WATCH PRICES". True and correct copies of representative sample printouts of the listings are attached hereto as **Exhibit 2**.

26. On their Website, Defendants advertise, promote, and offer for sale counterfeit products, including but not limited to, watches bearing counterfeits and infringements of the Rolex Registered Trademarks. Representative sample screenshots of listings on the Website taken on September 8, 2016 are attached hereto as **Exhibit 3**.

27. Defendants also have a listing for "Rolex Boxes", which includes "Inner and outer Rolex boxes with papers and hang tag." Defendants boast that this item "[l]ooks like the real Rolex boxes". A true and correct screenshot of the listing for the "Rolex Boxes" from the Website taken on September 8, 2016 is attached hereto as **Exhibit 4**.

28. Upon information and belief, the Website is owned, operated and controlled by Defendants.

29. Defendants also advertise, promote, and offer for sale numerous watches bearing counterfeits and infringements of the Rolex Registered Trademarks on the social media website www.facebook.com ("Facebook").

6

30. Defendants use the name "Homage Watches" on Facebook. On or about September 14, 2016, Defendants had listings for twenty-four (24) counterfeit Rolex watches in their "Shop" on Facebook.

31. On Facebook, Defendants listed a "Rolex 'No Date' Submariner Black Dial/Bezel Mens Watch" for $322.64. Under "Product Details", Defendants stated:

> I AM A WATCH COLLECTOR AS WELL AS A BUYER & SELLER OF QUALITY, NEW, PRE-OWNED, ANTIQUE, VINTAGE, AND REPLICA WRISTWATCHES. You are viewing a "Very High Quality" new, never worn, Rolex Submariner, 316L stainless steel, Replica. There are a lot of inferior, low quality, Rolex Replicas out there. This is one of the best I have ever seen. It has a high grade Japanese Miyota 21 Jewel, Caliber 8215, automatic movement made by Citizen. Not battery operated. Sweep seconds hand. Screwdown crown. Uni-directional bezel. Sapphire crystal. Green hologram on case back. Has all the correct Rolex markings. 40mm wide (not counting the crown) x 13mm thick. It Is the same heavy weight as the real Rolex. A expert would have a hard time identifying this as a Replica. **** FOR MORE INFORMATION CALL/TEXT VINCE AT 586-214-5099 ****

True and correct copies of representative sample screenshots of the listings on Facebook taken on September 14, 2016 are attached hereto as **Exhibit 5**.

32. On or about August 15, 2016, Rolex's investigator placed an order for one (1) "Rolex Submariner '50th Anniversary' Stainless Steel Black Dial Men's Watch" from the Website (the "Counterfeit Watch") for Three Hundred Eighteen Dollars ($318.00) and a "Rolex Box" with papers and hang tag for Twenty-eight Dollars and 95/100 ($28.95). Rolex's investigator is located in this District.

33. Rolex's investigator issued payment to Defendants through their Amazon Payments account. Payment was accepted by "THE WATCH STORE AND MORE." The email address listed was vincent.palazzolo@gmail.com.

7

34. On or about August 15, 2016, Rolex's investigator received an email from Vince thanking her for the order. Vince stated:

> Thank you for your order. You have just purchased one of the highest quality Replica wristwatches available. I am confident that you will enjoy this watch. You will get many compliments when wearing it. When you receive your watch, feel the weight, wind & set the time, date and day (if applicable). Turn the bezel (if applicable). See the quality of the print on the dial. **Look at all the correct hallmarks, logos, and markings.** If you are happy and satisfied with your purchase, please leave a 5 star positive review. If you have any questions or concerns, please email, or call/text me directly.

[Emphasis Added]. A true and correct copy of the email is attached hereto as **Exhibit 6.**

35. On or about August 18, 2016, Rolex's investigator received the Counterfeit Watch in this District. The package also contained Defendants' business card, a manual, hand tag and instructions on how to operate the watch. Images of the Counterfeit Watch and the box are attached hereto as **Exhibit 7**.

36. The return address on the package containing the Counterfeit Watch and the box states: "Vincent Palazzolo, The Watch Store & More, 30667 Cedars Dr, Warren MI 48093".

37. Rolex's representative has examined the Counterfeit Watch and determined that none of its parts, including the dial, bracelet links, bezel and movement are of Rolex origin. The Counterfeit Watch contains numerous counterfeits and infringements of the Rolex Registered Trademarks.

38. On or about November 8, 2016, Defendants had forty-seven (47) counterfeit Rolex watches listed on the Website. Four (4) of the listings are marked with the words "SOLD OUT".

39. Defendants have willfully infringed upon the Rolex Registered Trademarks and caused Rolex irreparable harm.

C. **Summary of Defendants' Illegal Activities**

40. Defendants intentionally, maliciously and willfully sold, offered for sale, distributed, promoted and advertised watches bearing counterfeits of one or more of the Rolex Registered Trademarks, despite knowledge that such sales were illegal.

41. Defendants' acts were and/or are calculated to confuse and to deceive the public and were and/or are performed with full knowledge of Rolex's rights.

42. Defendants are not now, nor have they ever been, associated, affiliated, connected with, endorsed or sanctioned by Rolex.

43. Rolex has never authorized or consented in any way to the use by Defendants of the Rolex Registered Trademarks or marks confusingly similar thereto.

44. Defendants' use of the Rolex Registered Trademarks or marks substantially indistinguishable and/or confusingly similar thereto in connection with Defendants' products is likely to cause consumers, the public and the trade to erroneously believe that the products provided by Defendants emanate or originate from Rolex, and/or that said products are authorized, sponsored, or approved by Rolex, even though they are not. This confusion causes irreparable harm to Rolex and weakens and dilutes the distinctive quality of the Rolex Registered Trademarks.

45. By using counterfeits of the Rolex Registered Trademarks on their goods, Defendants traded on the goodwill and reputation of Rolex and created the false impression that Defendants' goods are affiliated with Rolex.

46. Defendants have been unjustly enriched by illegally using and misappropriating Rolex's intellectual property for their own financial gain. Furthermore, Defendants have unfairly

benefited and profited from Rolex's outstanding reputation for high quality products and its significant advertising and promotion of Rolex watches and the Rolex Registered Trademarks.

47.   Defendants have disparaged Rolex, its Rolex Registered Trademarks and its products by creating a false association with Rolex, its genuine goods and its Rolex Registered Trademarks.

48.   Rolex has no control over the nature and quality of the products sold by Defendants, which bear counterfeits and infringements of the Rolex Registered Trademarks.

49.   Among other things, Defendants' promotion, advertisement and provision of their goods has and will reflect adversely on Rolex as the believed source of origin thereof; hamper continuing efforts by Rolex to protect its outstanding reputation for high quality, originality and distinctive goods; and tarnish the goodwill and demand for genuine Rolex watches and products.

50.   Upon information and belief, Defendants acted with reckless disregard for Rolex's rights and/or were willfully blind in connection with unlawful activities. Upon information and belief, Defendants willfully and maliciously engaged in infringing activities. Therefore, this case constitutes an exceptional case under 15 U.S.C. § 1117(a).

51.   Rolex has suffered irreparable harm and damages as a result of Defendants' conduct. The injuries and damages sustained by Rolex have been directly and proximately caused by Defendants' wrongful advertisement, promotion, distribution, sale and offers of sale of their goods bearing counterfeits and/or infringements of the Rolex Registered Trademarks.

52.   The advertisements placed and published by Defendants on the Internet have infringed upon the Rolex Registered Trademarks and caused Rolex severe injury.

53.   Rolex has no adequate remedy at law.

## FIRST CLAIM FOR RELIEF
### (Trademark Counterfeiting, 15 U.S.C. § 1114)

54. Rolex hereby incorporates by reference all prior allegations as though fully set forth herein.

55. Defendants have used spurious designations that are identical with, or substantially indistinguishable from, the Rolex Registered Trademarks on goods covered by registrations for the Rolex Registered Trademarks.

56. Defendants have intentionally used these spurious designations, knowing they are counterfeit, in connection with the advertisement, promotion, sale, offering for sale and distribution of goods.

57. Defendants' use of the Rolex Registered Trademarks to advertise, promote, offer for sale, distribute and sell watches bearing counterfeits was and/or is without the consent of Rolex.

58. Defendants' unauthorized use of the Rolex Registered Trademarks on and in connection with their advertisement, promotion, sale, offering for sale and distribution of watches through the Internet constitutes Defendants' use of the Rolex Registered Trademarks in commerce.

59. Defendants' unauthorized use of the Rolex Registered Trademarks as set forth above is likely to:

(a) cause confusion, mistake and deception;

(b) cause the public to believe that their watches are the same as Rolex's watches and/or that they are authorized, sponsored or approved by Rolex or that they are affiliated, connected or associated with or in some way related to Rolex; and

(c) result in Defendants unfairly benefiting from Rolex's advertising and promotion and profiting from the reputation of Rolex and its Rolex Registered Trademarks all to the substantial and irreparable injury of the public, Rolex and the Rolex Registered Trademarks and the substantial goodwill represented thereby.

60. Defendants' acts constitute willful trademark counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

61. By reason of the foregoing, Defendants are liable to Rolex for: (a) statutory damages in the amount of up to $2,000,000 for each mark counterfeited as provided by 15 U.S.C. § 1117(c) of the Lanham Act, or, at Rolex's election, an amount representing three (3) times Rolex's damages and/or Defendants' illicit profits; and (b) reasonable attorneys' fees, investigative fees and pre-judgment interest pursuant to 15 U.S.C. § 1117(b).

**PRAYER FOR RELIEF**

**WHEREFORE**, Rolex respectfully requests that the Court order the following relief:

I. That the Court enter an injunction ordering that Defendants, their agents, servants, employees, and all other persons in privity or acting in concert with them be enjoined and restrained from:

(a) using any reproduction, counterfeit, copy, or colorable imitation of the Rolex Registered Trademarks to identify any goods or the rendering of any services not authorized by Rolex;

(b) engaging in any course of conduct likely to cause confusion, deception or mistake, or injure Rolex's business reputation or weaken the distinctive quality of the Rolex Registered Trademarks, Rolex's name, reputation or goodwill;

(c) using a false description or representation including words or other symbols tending to falsely describe or represent their unauthorized goods as being those of Rolex or sponsored by or associated with Rolex and from offering such goods in commerce;

(d) further infringing or diluting the Rolex Registered Trademarks by manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, displaying or otherwise disposing of any products not authorized by Rolex bearing any simulation, reproduction, counterfeit, copy or colorable imitation of the Rolex Registered Trademarks;

(e) using any simulation, reproduction, counterfeit, copy or colorable imitation of the Rolex Registered Trademarks in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any unauthorized products in such fashion as to relate or connect, or tend to relate or connect, such products in any way to Rolex, or to any goods sold, manufactured, sponsored or approved by, or connected with Rolex;

(f) making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any services provided, products manufactured, distributed, sold or offered for sale, or rented by Defendants is in any way associated or connected with Rolex, or is provided, sold, manufactured, licensed, sponsored, approved or authorized by Rolex;

(g) engaging in any conduct constituting an infringement of any of the Rolex Registered Trademarks, of Rolex's rights in, or to use or to exploit, said trademark, or constituting any weakening of Rolex's name, reputation and goodwill;

(h) using or continuing to use the Rolex Registered Trademarks or trade names in any variation thereof on the Internet (either in the text of a website, as a domain name, or as a keyword, search word, metatag, or any part of the description of the site in any submission for registration of any Internet site with a search engine or index) in connection with any goods or services not directly authorized by Rolex;

(i) hosting or acting as Internet Service Provider for, or operating or engaging in the business of selling any website or other enterprise that offers for sale any products bearing the Rolex Registered Trademarks;

(j) acquiring, registering, maintaining or controlling any domain names that include the ROLEX trademark or any of the other Rolex Registered Trademarks or any marks confusingly similar thereto, activating any website under said domain names, or selling, transferring, conveying, or assigning any such domain names to any entity other than Rolex;

13

(k)   using any e-mail addresses to offer for sale any nongenuine products bearing counterfeits of the Rolex Registered Trademarks;

(l)   having any connection whatsoever with any websites that offer for sale any merchandise bearing counterfeits of the Rolex Registered Trademarks;

(m)   secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, or displaying of all unauthorized products which infringe the Rolex Registered Trademarks; and

(n)   effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) through (m).

II.   That Defendants, within ten (10) days of judgment, take all steps necessary to remove from all websites owned, operated or controlled by the Defendants, all text or other media offering for sale any merchandise bearing the Rolex Registered Trademarks, or marks substantially indistinguishable therefrom.

III.   That Defendants, within thirty (30) days of judgment, file and serve Rolex with a sworn statement setting forth in detail the manner and form in which they have complied with this injunction pursuant to 15 U.S.C. § 1116(a).

IV.   That Defendants be required to deliver up for destruction to Rolex all unauthorized materials bearing any of the Rolex Registered Trademarks in association with unauthorized goods or services and the means for production of same pursuant to 15 U.S.C. § 1118.

V.   That Defendants be required to deliver up for destruction to Rolex any goods that were being advertised, promoted, or offered for sale as well as any and all catalogs, circulars and

other printed materials in their possession or under their control displaying or promoting the infringing goods that were advertised, promoted or offered for sale.

    VI.    That Defendants not operate any websites that offer for sale and/or sell any merchandise bearing counterfeits of the Rolex Registered Trademarks.

    VII.    That Defendants and/or Defendants' Registrar transfer to Rolex, cancel or place Registry Hold Status on the domain www.thereplicawatchshop.com, and any other domains used by Defendants to engage in their illegal activities concerning the Rolex Registered Trademarks.

    VIII.    Requiring Defendants to pay to Rolex such damages Rolex has sustained as a consequence of their counterfeiting and infringement of the Rolex Registered Trademarks and to account for all gains, profits and advantages derived by Defendants from the sale of their infringing merchandise bearing the Rolex Registered Trademarks, and that the award to Rolex be trebled as provided for under 15 U.S.C. § 1117; alternatively, that Rolex be awarded statutory damages pursuant to 15 U.S.C. § 1117(c) of up to $2,000,000 for each trademark that Defendants have willfully counterfeited and infringed.

    IX.    Ordering that Rolex recover the costs of this action, together with reasonable attorneys' and investigators' fees and pre-judgment interest in accordance with 15 U.S.C. § 1117.

    X.    Directing that this Court retain jurisdiction of this action for the purpose of enabling Rolex to apply to the Court at any time for such further orders and interpretation or execution of any Order entered in this action, for the modification of any such Order, for the enforcement or compliance therewith and for the punishment of any violations thereof.

    XI.    Ordering that pursuant to 11 U.S.C. § 523(a)(6), Defendants be prohibited from a discharge under 11 U.S.C. § 727 for malicious, willful and fraudulent injury to Rolex.

XII.    Awarding to Rolex such other and further relief as the Court may deem just and proper, together with the costs and disbursements that Rolex has incurred in connection with this action.

**GIBNEY, ANTHONY & FLAHERTY, LLP**

Dated: November 23, 2016

By: _____
Brian W. Brokate, Esq. (BB 5830)
John Macaluso, Esq. (JM 2058)
Maja Szumarska (MS 0208)
665 Fifth Avenue
New York, NY 10022
Telephone:  (212) 688-5151
Facsimile: (212) 688-8315

Attorneys for Plaintiff Rolex Watch U.S.A., Inc.